GLICKSTEIN, Judge,
concurring specialty-
Counsel’s opening statement to the trial judge, who heard this case without a jury, reveals that he was misled by the hospital’s inaccurate answers to interrogatories, albeit these were signed “upon information and belief.” It is additionally disconcerting that the hospital’s attorneys told their op *455 ponent, on discovering the inaccuracy of their client’s answers, that there would be a surprise at trial, but did not disclose the nature of the surprise.
The surprise was that hospital personnel testified, after reviewing patient records with the hospital’s attorneys, that there were more nurses on duty, and thus there was a substantially lower nurse-patient ratio, than appellants had been led to believe by the answers to the interrogatories. In my opinion, the effect of the inaccurate answers was to deprive appellant’s counsel of the opportunity to evaluate his client’s case properly before trial, to examine alternative theories upon which to proceed, or to consider pursuing a pretrial settlement.
The dispute involved here was between the hospital in which the original plaintiff suffered damages, and the personnel pool and particular nurses provided by the pool. These parties had agreed to pay the original plaintiff $1,300,000 for the negligence asserted, and were now fighting among themselves to have their respective responsibilities determined by the trial court. Ultimately the court held the hospital to be responsible for 20% of the damages and the personnel pool, 80%.
The trial court rejected appellant’s motion to strike the testimony of the hospitals’ witnesses, which was based solely on patient records. These witnesses viewed these records, which were not admitted into evidence, after the hospital’s answers to interrogatories had been filed and the depositions had been taken.
I grant that the trial court could have determined in its discretion that the proposed sanction for the hospital’s failure to disclose this information prior to trial was too severe. Nevertheless, in my view it should be of concern that there is no provision affecting civil actions comparable to the rule, mandated by Richardson v. State, 246 So.2d 771 (Fla.1971), that the harmless error rule will not apply in a criminal case if the trial court fails to conduct an inquiry when there has been a discovery violation. See Smith v. State, 500 So.2d 125 (Fla.
Loss of property — the usual effect of losing a civil suit — may not be as hurtful as loss of liberty or of life, but it can come close. While still in draft form, the Declaration of Independence stated that all men are endowed by the Creator with the inalienable rights of life, liberty and property. “Pursuit of happiness,” which was subsequently substituted for “property,” doubtless includes property.
It does not sit well that because a party was not forthcoming about information it acquired after providing inaccurate answers to interrogatories, the opposing party may have been deprived of more property than it might otherwise have had to give up.